```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NOS.  2:20-00023
                                                      2:20-00081

**JAMES DANIEL CANTY**

<u>MEMORANDUM OPINION AND JUDGMENT ORDER</u>

Pending before the court is defendant James Daniel Canty's <u>Pro Se</u> Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821), filed on February 5, 2024, in both criminal actions listed above.  In the motion, the defendant requests a modification or reduction to his sentence indicating that his "presentence report includes 'Status Points' in the calculation of [his] criminal history score," and requests appointment of counsel. (See Def. Mot. at 2:20-cr-00023 ECF No. 51, and 2:20-cr-00081 ECF No. 19).

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points (additional criminal history points

added for having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (other than status points) and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors.  Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

The court notes that the defendant had only one presentence report and one Judgment Order prepared which combined both of the above-styled criminal actions.  The court further notes that criminal action 2:20-00081, which charges the defendant with Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), carries a five-year mandatory term of imprisonment to be served consecutively to the sentence imposed in criminal action 2:20-00023.

Inasmuch as the defendant, when sentenced herein in both criminal actions on September 21, 2020, was not assessed any status points (rather, his Criminal History Category of III is comprised of six criminal history points for two prior

convictions, none of which are status points), and inasmuch as the defendant's six criminal history points indicates he is not a Zero-Point Offender, his motion for modification or reduction of sentence and appointment of counsel is hereby ORDERED denied.

The Clerk is DIRECTED to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 3, 2024

John T. Copenhaver, Jr.
Senior United States District Judge